632 A.2d 329

In the Interest of M.L.E., a Minor.

**Appeal of MONROE COUNTY CHILDREN AND YOUTH SERVICES.**

Superior Court of Pennsylvania.

Argued June 23, 1993.

Filed Oct. 22, 1993.

Richard E. Deetz, Stroudsburg, for appellant.

Before CAVANAUGH, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final order which denied a request by appellant, Monroe County Children and Youth Services ("CYS"), to conduct a placement and dispositional review on behalf of a child in the agency's custody. For the reasons set forth below, we vacate the trial court's order and remand for further proceedings.

M.L.E.[1] is a minor who is presently in the custody of CYS. The child was declared "dependent" by a court order entered April 18, 1990. Following extensive review, and after hearings conducted before the trial court, the parental rights of the child's natural mother and father were terminated on June 28,

1. The trial court pleadings contain the child's full name rather than his initials. However, we have changed the name to initials in the caption of this case and throughout this opinion. *See Matter of Adoption of C.A.E.*, 516 Pa. 419, 420 n. 1, 532 A.2d 802, 803 n. 1 (1987).

1991.[2] On that date, the trial court granted Monroe County CYS the right to proceed with the adoption of the child without further notice to the parents. *See* Trial Court Opinion filed July 16, 1992 at 1.[3] CYS subsequently filed a petition under the Juvenile Act seeking placement and dispositional review for the child by the Court of Common Pleas of Monroe County. The petition was dismissed by Judge O'Brien on June 29, 1992. The instant timely appeal followed which raises the following issue: whether periodic court review hearings for dependent children are required under the Juvenile Act and under Department of Public Welfare regulations even where the parental rights of children have been terminated.

As an initial matter, we note that our Supreme Court has spoken clearly and unequivocally concerning the nature of the Pennsylvania Juvenile Act and the role of the courts in upholding it. "The Juvenile Act, as reinforced by our case law, was passed for the *benefit* of dependent children and is based on humanitarian ideals." *In re Tameka, M.,* 525 Pa. 348, 358, 580 A.2d 750, 755 (1990) (emphasis in original). "The Juvenile Court maintains a continuing plenary jurisdiction in dependency cases under 42 Pa.C.S.A. § 6351 [set forth below] and has the power to review the circumstances of dependent juveniles and to question ... the legal custodian, CYS, and the foster parents concerning the condition and the needs of the dependent child." *Id.* at 352, 580 A.2d at 752.

In 1984, a panel of this court had occasion to explain that individual provisions in the Juvenile Act should not be read abstractly, but rather with a view to their place in the entire legislative structure of the Act. *Commonwealth v. Davis,* 330 Pa.Super. 551, 558, 479 A.2d 1041, 1045 (1984), *aff'd,* 510 Pa. 536, 510 A.2d 722 (1986). We see no reason to believe that this principal has been abrogated by the 1986

2. The propriety of the termination order has not been challenged by the instant appeal.

3. Unfortunately, no copy of the order of June 28, 1991 has been placed in the certified record for this appeal. We are therefore uninformed concerning the precise terms of this order.

amendments to the Act. In order to effectuate the legislative intent behind the Act, we conclude that it is necessary to read the relevant statutory provisions *in pari materia* and not as isolated sub-sections.

 Subchapter D of the Act controls the disposition of children who have been adjudicated either dependent or delinquent. *See* 42 Pa.C.S.A. §§ 6351–6357. The dispositional placement of dependent children who are neither mentally ill or retarded, nor delinquent, is specifically governed by section 6351, subsections a through h, reproduced below in pertinent part.

### Disposition of dependent child

(a) **General rule.**—If the child is found to be a dependent child the court may make any of the following orders of disposition best suited to the protection and physical, mental, and moral welfare of the child:

(1) Permit the child to remain with his parents, guardian, or other custodian, subject to conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child.

(2) Subject to conditions and limitations as the court prescribes transfer temporary legal custody to any of the following:

(i) Any individual resident within or without this Commonwealth who, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child.

(ii) An agency or other private organization licensed or otherwise authorized by law to receive and provide care for the child.

(iii) A public agency authorized by law to receive and provide care for the child.

(3) Without making any of the foregoing orders transfer custody of the child to the juvenile court of another state

if authorized by and in accordance with section 6363 (relating to ordering foreign supervision).

. . . .

**(e) Disposition review hearings.**—Within six months of the removal of a child from the home of his parents, guardian or custodian for placement pursuant to a transfer of temporary legal custody or other disposition under subsection (a)(2), the court shall conduct a disposition review hearing for the purpose of determining whether placement continues to be best suited to the protection and physical, mental and moral welfare of the child. The court shall conduct a second review hearing not later than six months after the initial hearing, a third hearing not later than six months after the second hearing and subsequent disposition review hearings at least every 12 months until the child is returned home or removed from the jurisdiction of the court.

**(f) Matters to be determined.**—At each disposition review hearing, the court shall:

(1) determine the continuing necessity for and appropriateness of the placement;

(2) determine the extent of compliance with the service plan developed for the child;

(3) determine the extent of progress made toward alleviating the circumstances which necessitated the original placement;

(4) determine the appropriateness and feasibility of the current placement goal for the child; and

(5) project a likely date by which the goal for the child might be achieved.

**(g) Court order.**—On the basis of the determinations made under subsection (f) and other relevant evidence, the court, in addition, shall:

(1) determine whether the child:

(i) should be returned to the parents, guardian or other custodian;

(ii) should be continued in placement for a specified period; or

(iii) because of the child's special needs or circumstances, should remain in placement on a permanent or long-term basis; and

(2) order continuation, modification or termination of placement or other disposition best suited to the protection and physical, mental and moral welfare of the child.

**(h) Certain hearings discretionary.**—At the discretion of the court, disposition review hearings need not be conducted:

(1) for a child who the court has determined should remain permanently in foster care with a specified foster family; or

(2) for a child who has been placed in an adoptive home pending finalization of adoption pursuant to 23 Pa.C.S. Part III (relating to adoption).

42 Pa.C.S.A. § 6351. When considered in its entirety, with all subsections properly read *in pari materia*, the plain import of section 6351 shows that placement of a dependent child is considered to be temporary for purposes of the Juvenile Act unless or until that child either has been placed in permanent foster care with a specified foster family or has been placed in an adoptive home pending finalization of adoption proceedings. Under the Act, the trial court exercises protective authority over a child while he or she is in temporary placement and *must* hold disposition review hearings until the child is "returned home or removed from the jurisdiction of the court." *Id.* § 6351(e). The only time the trial court may exercise the discretion to decline to hold such hearings is after the child has been permanently placed either in foster care or in an adoptive home. *Id.* § 6351(h).

 Appellant CYS avers that the juvenile in question is presently in "temporary residential placement." Appellant's brief at 2. CYS further states that the child is not in permanent foster care with a specified foster family, nor has he been placed in a proposed adoptive home. *Id.* If these

assertions are correct, then it would appear that the child has not been permanently placed, but is currently in a temporary disposition and thus remains subject to the jurisdiction of the Court of Common Pleas of Monroe County.

The trial court's opinion indicates that the child's placement with CYS is "permanent" in the sense that the child will not be returned to his parents. However, placing a child in the care of a public agency is clearly deemed to be a "temporary" disposition under section 6351(a)(2)(iii) of the Act. We find nothing in section 6351, or in any other provision of the Act, which leads us to believe that the legislature intended the permanent consignment of children into the Limbo of unsupervised placement with a public agency.[4]

Moreover, we find our interpretation of the Juvenile Act to be consistent with the regulations adopted by the Pennsylvania Department of Public Welfare which require county agencies to secure semi-annual placement review by a court of common pleas for all children entrusted to agency care. *See* 55 Pa.Code §§ 3130.71–3130.72. The only two factual scenarios under which a county agency is not required to secure dispositional review are the same as those under which the trial court may dispense with such review: when a child has been placed in *a permanent foster family home with a specific*

---

4. The trial court relies on our Supreme Court's holding in the case of *In re: D.K.W.*, 490 Pa. 134, 415 A.2d 69 (1980) for the proposition that further dependency proceedings are not necessary once parental rights have been terminated under the Adoption Act and custody has been awarded to an agency for purposes of adoption. While we agree with the trial court that further dependency proceedings need not be held in the instant case, we cannot see how this fact eliminates the requirement to hold disposition review hearings in compliance with 42 Pa.C.S.A. § 6351(e).

The rule promulgated by *In re: D.K.W.* is inapposite to the present appeal because it concerns a challenge by the natural mother to an order which involuntarily terminated her parental rights and thus speaks only to the propriety of an initial determination of dependency. The Supreme Court's ruling in *D.K.W.* does not in any way address a trial court's responsibility to exercise continuing jurisdiction over a child once he or she has been placed in the legal custody of a government agency. The case therefore has no precedential value concerning the necessity to conduct disposition review hearings for the minor on whose behalf the instant appeal was filed.

*caregiver acting under a court order,* or when a child is legally free for adoption and has been placed in *an adoptive home pending finalization of the adoption. See id.* § 3130.72(d)(1) and (2). *Compare* 42 Pa.C.S.A. § 6351(h)(1) and (2) (discretion of trial court to dispense with dispositional review hearings).

The record certified to this court is devoid of documentation as to the current placement status of the child. We therefore must remand the case so that the trial court may determine whether the minor is now in a permanent foster home, a permanent adoptive home, or is still in temporary care within the meaning of the Juvenile Act. Unless the child has been placed in a permanent foster home or a permanent adoptive home, the trial court is directed to conduct a dispositional review hearing on this case within thirty (30) days of the date on which this opinion is filed. If the child has been placed in a permanent foster home or a permanent adoptive home, the trial court, at its discretion, may either conduct a hearing or decline to do so. *See* 42 Pa.C.S.A. § 6351(h).

The order of July 16, 1992 is vacated. The case is remanded for further proceedings not inconsistent with this opinion. Jurisdiction is relinquished.